Affirmed and Opinion filed September 12, 2002









Affirmed and Opinion filed September 12, 2002.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-00-01203-CV

_______________

 

JOSEPH ONWUTEAKA,
Appellant

 

V.

 

UNIVERSAL
SURETY OF AMERICA, Appellee

______________________________________________________

 

On Appeal from the County Civil Court at Law No. 4

Harris
County, Texas

Trial Court Cause
No. 689,329

______________________________________________________

 

O P I N I O N

In this contract
dispute, Joseph Onwuteaka appeals a judgment in favor
of Universal Surety of America (AUniversal@) on the grounds that the indemnity agreement (the Aagreement@)
for which he was found
liable was not enforceable; the evidence was not sufficient to support the
award of attorney=s fees; and the trial court erred in admitting Universal=s 24 exhibits.  We affirm.

                                                                   Background








Onwuteaka was the majority stockholder in a corporation (the Acorporation@) which owned an apartment complex
(the Acomplex@). 
In order to commence electricity and water service for the complex
without making a cash deposit, Onwuteaka contracted
individually with Universal to issue two surety bonds (the Abonds@) to the utility companies.  Following a default on utility bills for the
complex, Universal made payment to the utility companies and later filed suit
against Onwuteaka for indemnification.  After a bench trial, the trial court awarded
Universal indemnity and attorney=s fees and entered findings of fact
(the Afindings@) and conclusions of law (the Aconclusions@).

Illegibility

Onwuteaka=s first, second, and eighth issues
contend that the trial court erred in holding him liable for indemnity because,
in the version of the agreement he received by fax, signed, and transmitted
back, the indemnity provision was not legible. 
Therefore, Onwuteaka argues that there was no
indemnity obligation in the agreement he signed.[1]  Because the version of the agreement that Onwuteaka received was not in evidence at trial, we review
the sufficiency of the evidence to support the trial court=s implied finding that that version
of the agreement was legible, such that the indemnity provision was part of the
contract to which Onwuteaka agreed.

Findings
of fact in a case tried to the court have the same force and dignity as a jury
verdict and are reviewed for legal and factual sufficiency of the evidence by
the same standards as for a jury finding.  
Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.
1991).  In reviewing legal sufficiency,
we view the evidence in a light that supports the disputed fact and disregard
all evidence and inferences to the contrary. 
Lee Lewis Constr., Inc. v. Harrison, 70
S.W.3d 778, 782 (Tex. 2001).  If more
than a scintilla of evidence exists, it is legally sufficient.  Id. 
More than a scintilla of evidence exists if the evidence furnishes a
reasonable basis for differing conclusions by reasonable minds about a vital
fact=s existence.  Id.








When
reviewing factual sufficiency, we weigh all of the evidence and set aside the
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998).  Because a court of appeals is not a fact
finder, we may not pass upon witnesses= credibility or substitute our
judgment for that of the fact finder, even if the evidence would clearly
support a different result.  Id.
at 407.

For
purposes of this discussion, we will distinguish between three versions of the
agreement at issue: (1) that which Onwuteaka=s insurance broker transmitted to him
by fax; (2) that which Onwuteaka received by fax, signed,
and re-transmitted back to the broker; and (3) that which the broker received
back by fax from Onwuteaka.  As to these three versions, the evidence is uncontroverted that: (1) the one the broker transmitted was
legible; (2) the one the broker received back by fax from Onwuteaka,
which is the only version in the record containing his signature, was largely
illegible, including the indemnity provision; and (3) Onwuteaka
nevertheless paid the premium for the bonds. 
In addition, Onwuteaka testified that the fax
he received was illegible, but the evidence is uncontroverted
that Onwuteaka never so notified the broker or
Universal until after the lawsuit was filed.[2]








Because
the indemnity provision in the version of the agreement the broker  transmitted was in small print, no inference
can be drawn from the fact that it was faxed whether the provision was legible
when it was received by Onwuteaka.  However, because a reasonably prudent person
(and particularly a lawyer, such as Onwuteaka), would
not ordinarily be expected to: (1) sign an agreement he could not read; (2)
return such a signed, illegible agreement to the sender without notifying him
of its illegibility; or (3) thereby allow the sender to rely to his detriment
on the implication that the receiving party could read it and had agreed to its
terms, an inference could reasonably be drawn in this case from the foregoing
facts that the version of the agreement Onwuteaka
received by fax had been legible. 
Therefore, there was legally sufficient evidence that the indemnity
provision was part of the agreement that Onwuteaka
signed.  With regard to factual
sufficiency, although Onwuteaka testified to the
contrary, it was within the province of the trial court, as fact finder, to
disbelieve that testimony if it did not find it credible or found the controverting inference more credible.  Based on this record, we cannot say that the
trial court=s implied finding (that the version
of the agreement Onwuteaka received by fax and signed
was legible) was so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. 
Accordingly, we overrule issues one, two, and eight.

Expiration / Cancellation

Onwuteaka=s third issue contends that the trial court erred in
finding him liable for indemnity because the bonds expired and were canceled by
Universal before it incurred any liability on them, and Universal produced no
document at trial evidencing reinstatement of the bonds or payment of a premium
for their renewal.  Onwuteaka
thus argues that the expiration and cancellation of the bonds also terminated
any indemnity obligation in the agreement. 
Onwuteaka=s
fourth issue similarly argues that the trial court erred in failing to find
that Universal was estopped from claiming indemnity
based on its cancellation notices.[3]








It is uncontroverted that both of the bonds are dated September
24, 1994 and that, unless renewed, the bond for electricity service was to
expire in two years and the bond for water service was to expire in three
years.  The defaulted utility bills that
Universal paid were for billing periods both during and after those initial
periods.  The evidence reflects that,
following the initial time periods of the bonds, some confusion existed whether
the utility companies required them to be kept in effect, whether Universal
cancelled them, and if so, at whose behest. 
There is also evidence, albeit controverted,
that it was eventually determined that the bonds were still needed, that Onwuteaka requested that they be renewed, that his broker
arranged with Universal for their renewal, and that Universal ultimately
effected a continuation of the bonds without a lapse in coverage.  Although there is no evidence that Onwuteaka signed any further documents or made any further
payments for renewal, the agreement he initially signed provides that Universal
was authorized, without notice to Onwuteaka, to make
any change in the bonds or issue any substitutes for any renewal and that the
agreement, i.e., including the indemnity provision, applies to any such
substitution, changed bonds, or renewal. 
This evidence is legally sufficient to support the challenged findings
and non-finding, and those findings are not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.  Accordingly, issues three and four are
overruled.

                                                                 Consideration

Onwuteaka=s fifth issue contends that the trial
court erred in finding that the renewal of the bonds was supported by
consideration because there is no evidence that a premium was paid to Universal
to renew the bonds.[4]








A
benefit to a promisor is consideration for a valid
contract, as is a detriment to a promisee.  Fort Worth Indep.
Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831,
841 (Tex. 2000).  As noted in the
preceding section, the agreement Onwuteaka signed
provided that it would apply to a renewal of the bonds.  At a minimum, therefore, the renewal was
supported by consideration in the exchange of Universal=s continuation of the bonds for Onwuteaka=s obligation to indemnify Universal with respect to the
continuation.  Accordingly, the trial
court did not err in finding that the renewal was supported by consideration,
and Onwuteaka=s fifth issue is overruled.

                                                                    Negligence

Onwuteaka=s sixth issue argues that the trial court erred in
holding him liable because Universal=s
loss was caused by its own negligence and the indemnity provision does not
indemnify Universal for the consequences of its own negligence.  Onwuteaka contends
that Universal was negligent in renewing the bonds without receiving a premium
payment, accepting an illegible agreement from him, and failing to cancel the
bonds after it was notified of the corporation=s
bankruptcy.[5]

However, Onwuteaka fails to show how Universal=s failure to collect a renewal premium, if true,
could have caused its loss or, conversely, how collecting such a premium could
have prevented the loss, in that Universal=s
protection against such a loss, both before and after the renewal, was instead Onwuteaka=s indemnity obligation.  Nor is it apparent how the illegibility of
the agreement could have caused the loss, or a more legible agreement could
have prevented it.  Lastly, Onwuteaka cites no evidence that any of the utility charges
paid by Universal were incurred after Onwuteaka
advised Universal of the corporation=s
bankruptcy, such that any loss can be attributed to a delay in canceling the
bonds.  Accordingly, Onwuteaka=s sixth issue is overruled.

 

                                                              Statute
of Frauds

Onwuteaka=s seventh issue argues that the trial
court erred in failing to find that the indemnity claim was barred by the
statute of frauds because there was no written agreement for renewal of the
bonds.  However, to support this contention,
Onwuteaka specifically cites the following portions
of section 26.01 of the Texas Business and Commerce Code:

(a)
A promise or agreement described in Subsection (b) of this section is not
enforceable unless the promise or agreement . . . is

(1) in writing; and

(2) signed by the person to be charged with the promise . . .
.

(b) Subsection (a) of this section applies to:

                        *          *          *

(2) a promise by one person to
answer for the debt, default, or miscarriage of another person.  

Tex. Bus.
& Com. Code Ann. ' 26.01(a), (b)(2) (Vernon 1987)
(emphasis added).

In this case, the only promise to
answer for the default of another was made by Universal, not Onwuteaka.  Because Onwuteaka has not demonstrated that any promise he made was
required to be in writing to be enforceable against him, his seventh issue affords no basis for relief and is
overruled.

Attorney=s Fees

Onwuteaka=s
ninth issue contends that the evidence was legally and factually insufficient
to support the trial court=s
award of attorney=s fees
for the years 1999 and 2000 because the trial court erroneously permitted the
supporting testimony over his objection that Universal had failed to supplement
its discovery with the records pertaining to those fees.[6]








An
award of attorney=s fees
must generally be supported by evidence. 
Torrington Co. v. Stutzman, 46 S.W.3d
829, 852 (Tex. 2000).  However, in a
proceeding before the court, a trial court may take judicial notice of usual
and customary attorney=s
fees and of the contents of the case file without receiving further
evidence.  Tex. Civ. Prac.
& Rem. Code Ann. '
38.004(1)  (Vernon 1997).  In that event, the record of the trial court
proceedings, reflecting the complexity of the case, together with the court=s authority to take judicial notice of
usual and customary fees, constitutes some evidence to support an award of
attorney=s fees,
even in the absence of other evidence.  See
Gill Sav. Ass=n
v. Chair King, Inc., 797 S.W.2d 31, 32 (Tex. 1990).

In
this case, even if the challenged testimony was erroneously admitted, which we
do not decide, evidence to support the attorney=s
fee award exists from the record of the trial court=s
proceedings and its authority to take judicial notice of usual and customary
fees.  See id.  Therefore, Onwuteaka=s ninth issue does not demonstrate the
legal or factual insufficiency of the evidence to support the award and is
overruled.

                                                                      Exhibits

Onwuteaka=s tenth issue argues that the trial
court erroneously admitted Universal=s 24 exhibits because: he objected to
the exhibits on hearsay grounds; some of the exhibits lacked a predicate or
authentication; and Onwuteaka made a motion for the
exclusion of exhibit 5, but the trial court overruled it.

However, during trial, Onwuteaka agreed to the admission of several of these
exhibits.  In addition, his brief
contains neither an explanation of how or why any of the exhibits are hearsay
nor any references to portions of the record at which he objected to any of the
exhibits for lack of predicate or authentication.  Lastly, his objection to exhibit 5 at trial
was not based on any of the grounds asserted in his tenth issue.  Accordingly, issue 10 presents nothing for
our review and is overruled, and the judgment of the trial court is affirmed.

 

 

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Opinion filed
September 12, 2002.

Panel consists of Justices Hudson,
Fowler, and Edelman.

Do Not Publish C Tex.
R. App. P. 47.3(b).

 











[1]           We
interpret Onwuteaka=s first,
second, and eighth issues to challenge the sufficiency of the evidence to
support the trial court=s finding number 7 that ABy the
express terms of the contract, [Onwuteaka] agreed to
indemnify [Universal] for any and all losses or damages incurred by [Universal]
as a result of [Universal=s] issuance of the Bonds pursuant to the Contract.@





[2]           Although
there was evidence that the broker was supposed to bring Onwuteaka
an original of the agreement to sign, the only reason provided for this in the
evidence was that Universal wanted an original signature from Onwuteaka, not that he ever notified the broker or
Universal that his version of the agreement was illegible.





[3]           We interpret Onwuteaka=s third and fourth
issues to challenge the sufficiency of
the evidence to support findings 9, 10, and 11, which provide, respectively,
that: A[The corporation] failed to pay the Utilities when the
Bonds and the [agreement] were in effect@; AAlthough [Onwuteaka]
requested an interruption in coverage of the Bonds, [he] requested the Bonds be
renewed and they were renewed retroactively avoiding any lapse in coverage@; and AThe Bonds and the [agreement] were therefore
continuously in force and effect from their issuance in September, 1994 up to
and including the dates [the corporation] failed to pay the Utility Companies.@





[4]           We
interpret this issue to challenge the trial court=s second
conclusion of law, which provides: A[t]he
[agreement] is valid, binding and supported by consideration.@  Although there
is circumstantial evidence that Onwuteaka=s broker paid Universal a premium to renew the bonds,
there is no evidence that Onwuteaka made any payment
for the renewal.





[5]           We
interpret this issue to challenge the trial court=s
conclusion that, AAs a result of [Onwuteaka=s] breach of the Contract, [Universal] was damaged in
the principal sum of $35,566.00.@





[6]           See
Tex. R. Civ.
P.  193.6(a) (Aa party who fails to . . . supplement a discovery
response in a timely manner may not introduce in evidence the material or
information that was not timely disclosed . . . unless the court finds
that: (1) there was good cause for the failure to timely . . . supplement the
discovery responses; or (2) the failure to timely . . . supplement the discovery
will not unfairly surprise or unfairly prejudice the other parties.@).  Presumably, Onwuteaka is arguing that if the trial court had not
admitted this testimony, the evidence would have been legally or factually
insufficient to support this portion of the award.